[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM: MOTIONS FOR RECUSAL # 240, 241,
These Motions for Recusal arise out of the relationship of the law firm that now represents the plaintiff Medstar, Brown, Rudnick, Freed Gesmer, P.C. (Brown, Rudnick) and the defendant Medstar. The plaintiff has been represented by Mary Alice Leonhardt throughout the duration of this matter. When the action was instituted Ms. Leonhardt was associated with the firm of Hoberman Pollack. She then left that firm and joined Pulman Comley, which firm substituted it's appearance in lieu of Hoberman Pollack. Late last year Attorney Leonhardt became associated with the firm of Brown, Rudnick and that firm filed its appearance in November of 1997 on behalf of the plaintiff in lieu of Pulman Comley. Brown, Rudnick, which maintains an office in Boston has a subsidiary corporation, BRFG which engages in non legal consulting services in the Boston area. That subsidiary corporation, BRFG provided consulting services to an ambulance company in the Boston area, Brewster ambulance, that was ultimately acquired by a company that acquired the defendant Medstar.[1] It is the claim of all of the defendants other than Medstar, that BRFG's, representation of the parent company of the defendant Medstar, constitutes a conflict of interest and CT Page 1564 therefore Brown, Rudnick should be recused as the plaintiffs attorney. It is the claim of those defendants that Brown, Rudnick may have or does have confidential information that may be used by the plaintiff to their detriment.
The plaintiff argues that BRFG is a non legal subsidiary of the Brown, Rudnick law firm, performing non legal services and therefore its actions are not subject to the Rules of Professional Conduct. The defendants claim that the court should in effect ignore the corporate entities and treat BRFG as an employee of Brown, Rudnick with full access to the information in the hands of BRFG. The moving defendants claim that there is information in the hands of BRFG that is confidential and will be detrimental to them. They point to statistical data which may be in the hands of AMR that they have not been able to access which will in some way will be important as to the issue of damages. Whether this information is in the hands of Brown, Rudnick and whether it is confidential and as valuable to the defendants defense is speculative at best. The court can not determine whether the information which the defendants seeks is "confidential" and if not could not be obtained through discovery or by virtue of their own independent investigation. In any event the plaintiff has submitted the affidavit of Ellen Trager who is the non lawyer engaged by BRFG who sets forth the services she provided to Brewster Ambulance and AMR who claims that her activities were concentrated in expanding her clients market share in Massachusetts. Ms. Trager also attests that she her consulting services were in no way related to this litigation nor has she discussed the issues of this litigation with AMR and that she is unfamiliar with the issues of this litigation. In addition she states that when she learned of this potential conflict she has "ceased all activities" with AMR.
The basis of the claim for recusal is that Brown, Rudnick has a conflict of interest under Rule 1.7 of the Rules of Professional Conduct.[2] It is clear that non lawyers who have acquired confidential information may be held to the conflict of interest provisions of the Rules of Professional Conduct if the non legal employee is "working on files which are the same or substantially related to those worked on in the former employment" Rivera v Chicago Pneumatic Tool Company, 1991 WL 151892 (JD New London 1991). Even if the court treats the employee of BRFG as the employee of Brown, Rudnick, the non professional of BRFG has never worked on this file nor is there any evidence that BRFG has been privy to any confidential information of CT Page 1565 Medstar. Whether the annual sales figures of AMR is confidential, important and not discoverable has not been established. The party moving for the disqualification bears the burden of proving facts which indicate that disqualification is necessary" Temkin vTemkin, 1993 WL 392941 (JD Litchfield 1993) There is no evidence that any confidential information was obtained by BRFG and the movants have not sustained their burden that disqualification is necessary.
In addition the fact that the party most affected by the "conflict" claim, the defendant Medstar, is no longer joining in this Motion for Recusal gives additional support to position that there was nothing in the hands of BRFG which was confidential or anything else that could be used adversely to its interest. The fact that Medstar has withdrawn its Motion to Recuse may be an implied consent of Brown, Rudnick's representation of the plaintiff. In any event if the defendant Medstar has no objection to this firms' representation of plaintiff the concerns of the co-defendants are diminished.
For all of the reasons stated above the Motions for Recusal are denied.
PELLEGRINO, J.